UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

v.                                              No. 3:17-CR-30006

MARK ALAN MOCK                                                                                              DEFENDANT

## OPINION AND ORDER

Defendant Mark Alan Mock filed a renewed motion (Doc. 46) for compassionate release. The Government filed a response (Doc. 49) in opposition. The Court also reviewed other documents on the record, including the presentence investigation report, Defendant's original motion for compassionate release, the Government's original response, and the Court's previous order. The renewed motion will be denied.

The Court may modify a term of imprisonment on motion by a defendant if the defendant has exhausted BOP administrative remedies or that process has stalled for 30 days, extraordinary and compelling reasons consistent with Sentencing Commission policy statements warrant the modification, and a consideration of 18 U.S.C. § 3553(a) factors supports modification. 18 U.S.C. § 3582(c).

On September 19, 2017, Defendant pled guilty to one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. On February 1, 2018, Defendant was sentenced to 120 months of imprisonment and 3 years of supervised release. Defendant's projected date of release is November 3, 2025. On April 22, 2020, Defendant filed a motion (Doc. 26) for compassionate release and argued the COVID-19 pandemic and his chronic health problems warranted his release from imprisonment or transfer to home confinement. The Court denied his motion but noted that his "case presents one of the closer calls." (Doc. 36, p. 6).

The Court also stated that Defendant could file a renewed motion for compassionate release "[i]f circumstances at McDowell FCI change, or if there is a material change to Mock's health condition." *Id.*  Mock's renewed motion requests a sentence reduction that would result in his early release because of the presence of COVID-19 cases at McDowell FCI where Defendant is currently incarcerated.  Both parties agree that Defendant has exhausted his administrative remedies.

Defendant notes that at the time of his motion, McDowell FCI had 61 inmates and 5 staff members infected with COVID-19.  He also states that 286 inmates and 37 staff members have recovered from COVID-19.  Defendant highlights his worsening health condition as another changed circumstance justifying compassionate release.  Defendant has been diagnosed with several medical conditions, including COPD, which the Centers for Disease Control and Prevention ("CDC") has identified as a medical condition that can increase the severity of COVID-19.  Defendant also suffers from achalasia, GERD, Hepatitis C, kidney disease, and other serious medical conditions.  Since the filing of his original motion for compassionate release, Defendant has reported increased symptoms of achalasia.  Of Defendant's medical conditions, COPD is the only condition which the CDC has identified that puts Defendant at a higher risk were he to contract COVID-19, and Defendant has not reported an increase in COPD symptoms since the filing of his original motion.

As discussed in the opinion denying Defendant's initial motion for compassionate release, the § 3553(a) factors weigh heavily against a reduction of Defendant's sentence.  To summarize, Defendant possessed over 150 grams of high purity methamphetamine when he was arrested. Defendant had 15 criminal history points at the time of sentencing which placed him in a criminal history category VI.  Defendant was also the beneficiary of a large downward variance at

sentencing. The United States Sentencing Guidelines range based on Defendant's criminal history and offense conduct was 188 to 235 months, and Defendant was sentenced to 120 months of incarceration and 3 years of supervised release. Additionally, Defendant still has over 50 months remaining on his sentence.

Although the Court agrees that COVID-19 poses a serious risk to Defendant's health due to his medical conditions, Defendant's circumstances have not changed significantly enough to outweigh the § 3553(a) factors. The Court does not believe that the period of incarceration Defendant has served adequately reflects the seriousness of his offense. Defendant dealt a large amount of methamphetamine, and Defendant continued selling methamphetamine while out on bail. While out on bail, Defendant also appeared to be making preparations to increase the sophistication of his drug dealing operation by using security cameras, multiple cell phones, and multiple laptops. Officials also discovered two loaded firearms at Defendant's residence at the time of his arrest. Releasing Defendant now, effectively reducing his sentence by over 50 months, would inadequately account for the nature and circumstances of his offense.

IT IS THEREFORE ORDERED that the motion (Doc. 46) is DENIED.

IT IS SO ORDERED this 9th day of March, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE